SUMMARY ORDER

Although we assume the parties’ familiarity with the underlying facts and procedural history of this case, we nonetheless outline the facts underlying this summary order.
From 1984 to 1997, Bello and Vera Associates, the plaintiffs in this case, rented land to a variety of companies, collectively known as National Oil Services, for the operation of a waste oil storage, treatment, transfer, recycling, and disposal facility. On January 8, 1998, there was an oil spill on the property. The United States Environmental Protection Agency (“EPA”) eventually conducted a cleanup of the site at a cost in excess of $1.1 million.
The plaintiffs, represented by lawyer Ikeehukwu Umeugo, the sole appellant here, brought suit against many different entities, including National Oil Services’ suppliers of oil, seeking recovery for damage to their property and for their lost profits. Barden Corporation was one such defendant. Plaintiffs brought a series of suits, first in Connecticut state court without success, and then in federal court.
Barden eventually moved to dismiss plaintiffs’ federal complaint against it. By opinion and order dated January 7, 2002, the district court granted Barden’s motion in its entirety, but gave plaintiffs leave to amend the complaint to add a contribution claim under section 9613(f)(1) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. §§ 9601 et seq., as amended, (“CERCLA”) for $900.37 in water-usage fees paid by plaintiffs in connection with the EPA cleanup of the property. See Bello v. Barden Corp., 180 F.Supp.2d 300, 309-12 (D.Conn.2002). Shortly thereafter, on January 24, 2002, Barden, along with three other defendants, settled the water-usage claim with plaintiffs for the full amount, and on that basis the district court immediately dismissed the various related cases as moot. Approximately one month later, on February 27, 2002, Barden moved for sanctions against Umeugo, Bello, and Vera.
More than four years later, by opinion and order dated September 29, 2006, the district court granted Barden’s motion for sanctions against both Umeugo and his clients, and directed Barden to file an application for fees and costs. See Bello v. Barden Corp., No. 01 Civ. 1531, 2006 WL *516 2827091, at *15, 2006 U.S. Dist. LEXIS 71385, at *43 (D.Conn. Sept. 29, 2006). One year later, on September 28, 2007, the court awarded sanctions against Umeugo and his clients jointly in the amount of $67,192, constituting $54,606 in Barden’s fees incurred and sought in litigating its motion to dismiss, and $12,588 in Barden’s expenses incurred throughout the litigation. The Court awarded an additional $32,762 against Umeugo constituting a portion of Barden’s fees incurred and sought in connection with its motion for sanctions.
Although we are not without doubt as to the propriety of the award against the plaintiffs, Umeugo appeals only for himself. He asserts that the district court erred in granting Barden’s motion for sanctions, insisting that he engaged in no sanctionable conduct. For the following reasons, we reject this argument.
Umeugo insists that there is no “clear evidence,” that any of his actions were “entirely without color” or taken “for reasons of harassment or delay or for other improper purposes.” See Dow Chem. Pac. Ltd. v. Rascator Mar. S.A., 782 F.2d 329, 344 (2d Cir.1986) (internal quotation marks omitted). But “[t]his Court reviews all aspects of a District Court’s decision to impose sanctions for abuse of discretion,” United States v. Seltzer, 227 F.3d 36, 39 (2d Cir.2000) (internal quotation marks omitted), and the district court was within its discretion to conclude that Umeugo’s actions, at least after January 7, 2002, were sanctionable. As of that date, the district court had granted Barden’s motion to dismiss the complaint in its entirety, with leave for plaintiffs to amend to add one claim, the water-usage contribution claim for $900.37. Umeugo repeatedly rejected efforts to settle that claim for its full value. And Umeugo stated in court on the record that he was contemplating making a settlement offer to various defendants that included “the cost of litigating that count that is left to the end.” Bello, 2006 WL 2827091, at *7, 2006 U.S. Dist. LEXIS 71385, at *18. Under the totality of the circumstances, the district court did not abuse its discretion in finding both that Umeugo stated “explicitly] ... that he was planning to use the nuisance value of continued litigation as leverage in his settlement negotiations,” and that Umeugo actually attempted to follow through on this statement and extract more than the full value of any outstanding claims he may have had against Barden and similarly situated defendants. Id., 2006 WL 2827091, at *13, 2006 U.S. Dist. LEXIS 71385, at *37. For the reasons stated by the district court, it did not abuse its discretion in concluding that Umeugo engaged in sanctionable conduct.
Umeugo also argues that, even assuming the district court properly awarded sanctions, it nonetheless erred in calculating the amount of sanctions. Barden contends that Umeugo has not preserved the argument, but we disagree. Umeugo contends on the first page of his brief on appeal that “the district eourt[’]s award of Attorneys fees and expenses or costs, was in error or abuse of discretion,” and again later in the brief that the district court erred by “addfing] attorneys fees that Barden Corporation allegedly claim[s] it incurred from [the] beginning of the case up to the motion to dismiss.”
A district court’s award of sanctions is reviewed for an abuse of discretion, but “this Court must be careful to ensure that any ... decision to sanction a party or attorney is made with restraint and discretion.” Seltzer, 227 F.3d at 39 (alterations and internal quotation marks omitted). A district court “necessarily abuse[s] its discretion if it base[s] its ruling on an erroneous view of the law or on *517 a clearly erroneous assessment of the evidence.” Sussman v. Bank of Israel, 56 F.3d 450, 456 (2d Cir.) (internal quotation marks omitted), cert. denied, 516 U.S. 916, 116 S.Ct. 305, 133 L.Ed.2d 210 (1995). As a general rule, “[o]nly those fees attributable to the offensive conduct can be awarded,” because “under [the] bad faith exception to [the] American Rule, [a] fee award [is] limited to expenses necessary to counter [a] losing party’s bad faith.” Ostano Commerzanstalt v. Telewide Sys., Inc., 880 F.2d 642, 650 (2d Cir.1989) (citation omitted).
Approximately two-thirds of the $100,000 awarded constitutes expenses Barden claims that it incurred in the context of the underlying motion to dismiss. However, the record does not establish that Umeugo engaged in any bad faith conduct prior to or in connection with that motion.
The district court faults Umeugo for having brought multiple lawsuits against multiple defendants instead of suing all defendants together in one suit. Bello, 2006 WL 2827091, at *11, 2006 U.S. Dist. LEXIS 71385, at *30. However, a plaintiff has the right to file potentially meritorious lawsuits in the form that it chooses. Cf. Sussman, 56 F.3d at 457 (“Attorneys are not under an affirmative obligation to file an action in the most convenient forum; their only obligation is to file in a proper forum.” (internal quotation marks omitted)).
The district court also faults Umeugo for filing claims in federal court “while never articulating a theory as to why the claim was not frivolous.” Bello, 2006 WL 2827091, at *12, 2006 U.S. Dist. LEXIS 71385, at *34. But it is Barden’s burden to demonstrate that the claim was frivolous, not Umeugo’s to demonstrate that it was not. Nor does the district court point to evidence in the record demonstrating that Umeugo actually believed that he was asserting meritless claims. Although the district court ultimately concluded that the two claims asserted by plaintiffs in their initial complaint — one for damages under CERCLA and the other for damages under Connecticut tort law — were without merit, that is of course an insufficient ground for the imposition of sanctions. The district court observed, moreover, that although it thought that its “ruling was correct,” it could not “guarantee that [Umeugo] wouldn’t be successful on appeal,” a statement which we read as in tension with the conclusion that the claim was transparently meritless. Indeed, Umeugo’s ultimate strategy was successful in part — he was able to secure relief, however modest, for his clients pursuant to CERCLA.
While, as noted, we affirm the sanctions judgment in part, we cannot affirm it in its entirety because it far exceeds “those expenses reasonably incurred [by Barden] to meet [Umeugo’s] groundless, bad faith procedural moves.” Browning Debenture Holders’ Comm. v. DASA Corp., 560 F.2d 1078, 1089 (2d Cir.1977). Barden is entitled only to costs and fees relating to Umeugo’s sanctionable conduct — that is, Umeugo’s conduct in connection with the water-usage claim — and not to costs or fees incurred prior to the district court’s January 7 opinion dismissing the original complaint in its entirety.
Therefore, we vacate the district court’s award of $54,606 in fees incurred and awarded in connection with the motion to dismiss. We also vacate in toto the $12,588 in expenses incurred by Barden throughout the litigation, including in connection with its motion to dismiss. Under the circumstances, the amount of the award that we affirm, $32,762, is more than sufficient to compensate Barden for *518 its costs reasonably incurred to meet Umeugo’s groundless procedural steps that he took in bad faith.*
Barden also asks us to deem this appeal frivolous pursuant to Rule 38 of the Federal Rules of Appellate Procedure so that it may recover damages and costs on appeal. By order dated May 21, 2008, a panel of this Court concluded that the appeal was not frivolous. To the extent that the relief Barden seeks was not foreclosed by that order, Barden’s request is denied. As the foregoing discussion indicates, we think that, at least in part, the appeal has merit.
For these reasons, we affirm the award of $32,762 against Umeugo, representing Barden’s fees in connection with its motion for sanctions, and vacate the award of $67,192 against Umeugo, representing Barden’s fees in connection with its motion to dismiss and its litigation costs, and remand the case to the district court for such further action in connection with it that it may think warranted.
The $67,192 amount was awarded jointly against Umeugo, Bello, and Vera. As noted, we are mystified that the clients, Bello and Vera, have not, like their former counsel Umeugo, appealed. Our review of the record suggests that the clients’ sanctionable conduct, or responsibility for their former counsel’s actions held sanctionable, appears to be minimal at best. Because neither Bello nor Vera appealed, however, the propriety of the award against them is not before us. See Oliveri v. Thompson, 803 F.2d 1265, 1275 (2d Cir.1986), cert. denied, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987).
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED in part, VACATED in part, and remanded for further proceedings.

 Although the district court did not abuse its discretion in concluding that Umeugo acted in bad faith by attempting to settle the water-usage claim, we are nonetheless concerned about the amount that Barden’s counsel, Carmody & Torrance LLP, has sought for costs and expenses incurred after the district court’s January 7 opinion — more than $84,519.
Following the district court’s January 7 opinion, the value of the non-dismissed portion of the lawsuit did not exceed $900.37. On January 22, 2008, Umeugo offered to settle the case for $2,900.37, constituting the full amount of the water-usage claim and $2,000 in attorney’s fees. Bello, 2006 WL 2827091, at *8, 2006 U.S. Dist. LEXIS 71385, at *20. The district court did not err in concluding that Umeugo improperly sought to extract more than the full outstanding value of the claim. We note nonetheless that Barden could have settled the case in full for approximately $81,000 less than it actually spent in declining the offer and seeking sanctions before the district court, thereby preventing an appeal on this issue and its related costs.
In the period between January 16, 2008, and January 24, 2008, the time when the case was settled in full, Barden spent approximately $20,000 in fees. In addition, Barden spent more than $57,000 in connection with the sanctions motion, all the while knowing that it would seek to have those costs and fees imposed upon Umeugo. Although we might question the propriety of Barden's actions in this regard, we nonetheless conclude that the district court did not abuse its discretion in awarding Barden a portion of the fees that it sought, or $32,762.